WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary L Wagoner, *et al.*, | No. CV-25-01763-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| State Industrial Products Corporation, | |
| Defendant. | |

At issue is Defendant State Industrial Products Corporation's Motion for Judgment on the Pleadings (Doc. 23), to which *pro se* Plaintiffs Gary L. Wagoner and Catalina Seaward Trust responded (Doc. 25) and Defendant replied (Doc. 26). The Court finds this matter appropriate for resolution without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court grants Defendant's Motion and dismisses Plaintiffs' Complaint with prejudice.

**I.    BACKGROUND**

Plaintiffs provided medical services to Vavrix D. Owens on November 10, 2018 (Doc. 1-1 at 3.) Plaintiffs allege that Mr. Owens was insured by Cigna, an insurance provider owned by Defendant, that pre-authorized the services but denied the claim after the services were performed. (*Id.*) On June 21, 2022, Plaintiff Wagoner sued Defendant in Dreamy Draw Justice Court ("2022 Litigation"). (2:22-cv-01238-SPL, Doc. 1-1.) Defendant removed the state court action to this District, asserting that the court had federal question jurisdiction because Plaintiff Wagoner's claims were completely preempted by

1  ERISA. (2:22-cv-01238-SPL, Doc. 1.) After failing to respond to Defendant's subsequent motion to dismiss, the Honorable Judge Steven P. Logan dismissed Plaintiff Wagoner's claims on September 2, 2022 ("2022 Judgment"). (2:22-cv-01238-SPL, Doc. 9.)

Over two years later, Plaintiffs allegedly received letters from Defendant regarding Plaintiffs' request for information regarding Mr. Owens ("2025 Letters"). (Doc. 1-1 at 3.) According to Plaintiffs, the 2025 Letters "stat[ed] [that Defendant] could not verify the member's eligibility and could not locate the account for Vavrix Owens, despite using a full name, birthdate and ID number." (*Id*.) Plaintiffs also spoke to a claim operator "who confirmed that no record existed for the member." (*Id*.) Plaintiffs proceeded to file an action in Dreamy Draw Justice Court, asserting five state law claims arising from the same facts underlying the 2022 Litigation with the addition of the 2025 Letters. (*Id*. at 2–4.) As before, Defendant removed the action to this District on the basis that Plaintiffs' state law claims were completely preempted by ERISA. (Doc. 1.) Upon considering Plaintiffs' ensuing motion to remand the matter to state court (Doc. 5), the Court determined that each of Plaintiffs' claims were completely preempted by ERISA. (Doc. 15 at 7.) Defendant now moves for judgment on the pleadings on the basis that, *inter alia*, Plaintiffs' instant action is barred by claim preclusion. (Doc. 23 at 5–7.)

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "a party may move for judgment on the pleadings" after the pleadings are closed "but early enough not to delay trial." A motion for judgment on the pleadings should be granted only if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Judgment on the pleadings is also proper when there is either a "lack of a cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a Rule 12(c) motion, a court "must accept all factual allegations in the complaint as true and construe them in the light most favorable

to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings under Rule 12(c) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006) (citation modified).

"The doctrine of res judicata is a judicially created rule which rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations." *Hooker v. Klein*, 573 F.2d 1360, 1368 (9th Cir. 1978). "The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). Under federal common law, there are two forms of res judicata: claim preclusion and issue preclusion. *Id*. at 892. When, as here, a party asserts claim preclusion, "a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id*. (citation modified).

"Claim preclusion applies where the earlier suit (1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Save the Bull Trout v. Williams*, 51 F.4th 1101, 1107 (9th Cir. 2022). "The party seeking to invoke claim preclusion bears the burden of establishing these elements." *Id*. "A claim arising after the date of an earlier judgment is not barred, even if it arises out of a continuing course of conduct that provided the basis for the earlier claim." *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (citation omitted). A prior judgment "cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case." *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328 (1955). Nonetheless, a litigant "does not avoid the bar of res judicata merely because he now alleges conduct [] not alleged in his prior suit, nor because he has pleaded a new legal theory. Rather, the crucial question is whether appellant has stated in the instant suit a cause of action different from those raised in his first suit." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982).

The Ninth Circuit test to determine whether two lawsuits involve the same cause of action is as follows:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980). While "no single criterion can decide every res judicata question," the fourth criteria "is the most important." *Costantini*, 681 F.2d at 1202 n.7.

### III.     ANALYSIS

Defendant argues that claim preclusion bars this action because Plaintiffs' claims and the parties are the same as those involved in the 2022 Litigation, which culminated in the final 2022 Judgment. (Doc. 23 at 6–7.) In response, Plaintiffs do not dispute that the 2022 Judgment was final on the merits, or that the two actions involve identical parties. Rather, Plaintiffs only dispute that the claims are the same in light of the 2025 Letters, which "post-date[] the 2022 dismissal and create[] new, independent causes of action for misrepresentation and consumer fraud." (Doc. 25 at 3.) Plaintiffs also argue that their state law claims "rest on duties independent of any plan benefits," so those claims are not precluded. (*Id.* at 3–4.)

This Court already found Plaintiffs' claims were completely preempted by ERISA for removal purposes. (Doc. 15 at 3–7.) In reaching that decision, the Court found that the instant matter and the 2022 Litigation are "based on the same set of operative facts, the same coverage plan, and the same coverage denial." (Doc. 15 at 2.) As a result of the removal, "the state law claim is reconfigured as a federal ERISA cause of action under § 502(a)," and Plaintiffs' state law claims are extinguished. *Rudel v. Haw. Mgmt. All. Ass'n*, 937 F.3d 1262, 1269, 1277 (9th Cir. 2019).

The only factual difference between the two lawsuits is that Plaintiffs received the

- 4 -

2025 Letters after the 2022 Judgment. The operative question, then, is whether the 2025 Letters give rise to a claim that did not exist in the 2022 Litigation. *Lawlor*, 349 U.S. at 328 (1955). They do not. Plaintiffs' state law claims in the current and former litigations were all converted into the same federal ERISA claim arising from the same plan and benefits. In other words, Plaintiffs' current ERISA claim existed in 2022, and he had the opportunity to pursue that claim then. Plaintiffs' current ERISA claim also turns on substantially the same evidence as the former ERISA claim, involves the same purported infringement of Plaintiffs' right to benefits underlying the former ERISA claim, and arise out of the same nucleus of facts as the former litigation. *See Harris*, 621 F.2d at 343. By permitting this litigation to proceed, Defendant's formerly adjudicated right not to pay the plan benefits would surely be destroyed or impaired. *Id*. Plaintiffs' ERISA claim in this action is precluded by the 2022 Judgment.

"Courts have discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment." *Special Dist. Risk Mgmt. Auth. v. Munich Reinsurance Am., Inc.*, 562 F. Supp. 3d 989, 994 (E.D. Cal. 2021). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

There are no facts that would cure the defects of Plaintiffs' Complaint, because any claim Plaintiffs bring that is related to the payment of benefits from Mr. Owens' plan is completely preempted by ERISA, and any claim brought under ERISA is barred by claim preclusion. Accordingly, the Court will exercise its discretion and dismiss Plaintiffs' Complaint with prejudice.

**IT IS ORDERED** granting Defendant's Motion for Judgment on the Pleadings (Doc. 23).

**IT IS FURTHER ORDERED** dismissing Plaintiffs' Complaint (Doc. 1-1) with prejudice.

1  **IT IS FURTHER ORDERED** directing the Clerk of Court to close this matter.

2  Dated this 31st day of December, 2025.

_____
Honorable John J. Tuchi
United States District Judge