**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary L Wagoner, *et al.*, | No. CV-25-01763-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| State Industrial Products Corporation, | |
| Defendant. | |

At issue is *pro se* Plaintiff Dr. Gary L. Wagoner's Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(4) and (b)(6) (Doc. 31), as modified by his Notice of Errata (Doc. 32). Plaintiff Wagoner, who also represented Plaintiff Catalina Seaward Trust, requests that the Trust be relieved from the Court's granting of judgment on the pleadings against Plaintiff Wagoner and the Trust ("Judgment") (Doc. 27).

The sole basis for the Motion is that Plaintiff Wagoner improperly represented the Trust as a *pro se* litigant, which he argues voids the Judgment or presents extraordinary circumstances justifying relief under Rule 60(b). He requests the Court to "sever and dismiss the Trust claims without prejudice," and "grant leave for Wagoner to amend individual claims pro se." (Doc. 31 at 5; Doc. 32-1 at 5.) Notably, the Trust and Plaintiff Wagoner brought the exact same claims arising from the same facts (*see* Doc. 1-1). Plaintiff Wagoner had an opportunity to, and did, litigate his own claims in a *pro se* capacity. He does not present any independent basis for relief from the Judgment as to him individually, making it inappropriate to grant him leave to amend his claims.

It is true that a *pro se* litigant cannot represent others, such as a trust entity. *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Alpha Land Co. v. Little*, 238 F.R.D. 497, 502 (E.D. Cal. 2006). Despite bringing the improper representation to the Court's attention, Plaintiff Wagoner continues to act for the Trust by presently moving for relief on its behalf. Accordingly, the Court denies Plaintiff Wagoner's Motion but will permit the Trust to file its own motion for such relief. The Court separately notes that there is a pending Motion for Attorneys' Fees (Doc. 28) against both Plaintiffs. No later than fourteen (14) days from the date of this Order, the Trust shall obtain counsel who shall enter a proper notice of appearance in this matter. Should no counsel enter a notice of appearance for the Trust, the Trust shall be dismissed as an impermissible party to this action. If counsel enters an appearance within the time prescribed, the Trust—through its counsel—may file a motion for relief from judgment and a responsive brief to the Motion for Attorney's Fees no later than thirty (30) days from the date of this Order. This Order has no effect upon the briefing deadlines imposed upon Plaintiff Wagoner as set forth in the Court's prior Order (Doc. 30).

**IT IS ORDERED** denying Plaintiffs' Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(4) and (b)(6) (Doc. 31).

**IT IS FURTHER ORDERED** that, no later than fourteen (14) days from the date of this Order, Catalina Seaward Trust shall obtain counsel who shall enter a proper notice of appearance in this matter. Should no counsel enter a notice of appearance for Catalina Seaward Trust in the time prescribed, the Clerk of Court is directed to dismiss Catalina Seaward Trust as an impermissible party to this action.

**IT IS FURTHER ORDERED** that, if counsel enters an appearance within the time prescribed, Plaintiff Catalina Seaward Trust—through its counsel—may file a motion for relief from judgment and a responsive brief to the Motion for Attorney's Fees no later than

1 thirty (30) days from the date of this Order. This Order has no effect upon the briefing
2 deadlines imposed upon Plaintiff Wagoner as set forth in the Court's prior Order (Doc. 30).
3     Dated this 20th day of January, 2026.

_____
Honorable John J. Tuchi
United States District Judge