**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary L. Wagoner, *et al.*, | No. CV-25-01763-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| State Industrial Products Corporation, | |
| Defendant. | |

The Court dismissed all claims brought by *pro se* Plaintiff Gary L. Wagoner with prejudice (Doc. 27), and Defendant subsequently moved for its attorney's fees (Doc. 28). Plaintiff opposes the motion and has also filed numerous other filings that this Court now resolves.

## I.    Plaintiff's Motion to Amend

On February 21, 2026, nearly two months after the Court dismissed all Plaintiff's claims, Plaintiff moved to amend his original pleading (Doc. 42). Plaintiff argues that the Court's earlier dismissal order is void because his former co-plaintiff, Catalina Seaward Trust, was an impermissible party (Doc. 42 at 2–3; Doc. 46 at 1–2), and he should be granted leave to add "jurisdictional facts."

The Court has already addressed these arguments in resolving Plaintiff's Motion for Relief from Judgment (Docs. 31, 32, 33) and found that the dismissal order was valid as to Plaintiff and he provided no reason for relief from that order as to him individually. Whatever "jurisdictional" facts Plaintiff seeks to plead in relation to his former co-plaintiff

does not cure the underlying defects of the claims as to him individually. Plaintiff having presented no basis under the Federal Rule of Civil Procedure 60 that would permit this Court to reopen this matter for an amendment, his Motion to Amend is procedurally improper. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017) (quoting *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996), *as amended* (Sep. 4, 1996)).

Additionally, the Court will direct the Clerk of Court to seal several documents that Plaintiff improperly filed on the public record that contain personal identifying information and medical records of his former patient, a non-party to this action. Fed. R. Civ. P. 5.2.

### II.    Plaintiff's Motion for Sanctions

Plaintiff also seeks sanctions against Defendant and its counsel for post-dismissal emails in which Defendant's counsel is purportedly "vexatious" and made "factual misrepresentations, baseless threats, and bad-faith refusals" to engage in settlement discussions with Plaintiff. (Doc. 40 at 2–3; *see also* Doc. 41.) Plaintiff's motion is brought under 28 U.S.C. 1927, which permits a court to order the payment of fees for "multipl[ying] the proceedings in any case unreasonably and vexatiously." "Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith" which "is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Lake v. Gates*, 130 F.4th 1064, 1070 (9th Cir. 2025) (citation modified).

The emails Plaintiff attaches to his motion and supplement thereto show that Defendant attempted to confer with Plaintiff about his proposed sur-reply, raising both procedural and substantive defects that would be grounds for Defendant to move to strike it. While Defendant ultimately never moved to strike the proposed sur-reply, the reasons for such a motion, as communicated by Defendant's counsel to Plaintiff, were not unreasonable, were supported by the law and fact, and did not multiply these proceedings.

After this email exchange, Plaintiff filed ***multiple*** complaints with various state and federal agencies, including the Arizona Attorney General and FBI, against Defendant and

used the filing of those complaints to demand from Defendant a settlement payment of hundreds of thousands of dollars and the withdrawal of its motion for attorney's fees. (*See* Docs. 40-2, 40-3, 40-4, 43.) Defendant's counsel merely responded "no." Defendant's categorical rejection of settlement discussions was not unreasonable or in bad faith given that all of Plaintiff's claims were dismissed with prejudice at that point. Defendant and its counsel's behavior have not otherwise been vexatious during this matter. Rather, it is Plaintiff's own conduct that is of great concern to this Court and will expound on this point further in the next section.

### III.    Defendant's Motion for Attorneys' Fees

Under Local Rule of Civil Procedure 54.2, a party seeking an award of attorneys' fees and related non-taxable expenses must show that the party is eligible and entitled to an award, and that the requested award is reasonable. LRCiv 54.2(c). Defendant has so moved (Doc. 28), Plaintiff filed a response in opposition (Doc. 36), and Defendant replied (Doc. 37). Plaintiff has also moved for leave to file a sur-reply (Doc. 38), which this Court grants for sake of completion and considers in full as it appears in the first exhibit to the motion (Doc. 38-1).

### a.    Eligibility and Entitlement

A party's eligibility and entitlement to an attorneys' fees award depends on the applicable statutory, contractual, or legal authority "upon which the movant seeks an award." LRCiv 54.2(c)(1)–(2). Here, Defendant seeks a fee award under the Section 502(g) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(g).

"Under the civil enforcement provisions of ERISA, a court may 'in its discretion . . . allow a reasonable attorney's fee and costs of action to either party." *McElwaine v. US W., Inc.*, 176 F.3d 1167, 1172 (9th Cir. 1999) (quoting 29 U.S.C. § 1132(g)(1)). Courts apply a five-factor test set out in *Hummell v. Rykoff & Co.* to determine whether an ERISA fee award is appropriate. 634 F.2d 446, 453 (9th Cir. 1980). Those *Hummell* factors are: "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees would deter others from

acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all plan participants or resolve a significant legal question; and (5) the relative merits of the parties' positions." *McElwaine*, 176 F.3d at 1172. When applying these factors, courts "must keep at the forefront ERISA's remedial purposes that should be liberally construed in favor of protecting participants in employee benefit plans." *Id*. (citation modified).

As to the first factor, the Court has no trouble finding that Plaintiff acted in bad faith in pursuing this action. His original pleading filed in state court shows that he tactfully pled his claims under state law as to avoid federal preemption under ERISA, going so far as to allege "no claims are being made under ERISA . . . [and] removal to federal court is barred . . ." (Doc. 1-1.) These allegations demonstrate forethought on the part of Plaintiff to avoid casting his claims as those arising under ERISA that had been dismissed already.

Plaintiff has also used this action as leverage in his years' long effort to secure a settlement from Defendant. For example, Plaintiff sent Defendant a demand letter[1] setting out "what happens next" if Defendant did not settle, including that he will subpoena a decade of records, that "this process does not end quietly; it ends with headlines higher D&O premiums, and copycat litigation," and that he "cannot be priced out, delayed, or worn down." (Doc. 28-1 at 6–8.)

In response to Defendant's Motion, Plaintiff does not challenge the statutory basis for attorneys' fees or provide any rebuttal to whether his filing of the instant action or his settlement tactics were done in bad faith. Rather, he argues that the Court's dismissal of claims against him was void because his co-plaintiff was an impermissible party. (Doc. 36 at 2–4.) This argument is unavailing and has already been rejected by the Court. (*See* Doc. 33.) Next, Plaintiff argues that he has "new evidence of Defendant's bad faith and fraud"

---

[1] This is not Plaintiff's first attempt to threaten repetitive litigation to pressure a business into settlement. In a similar case brought by Plaintiff before the Honorable Michael T. Liburdi of this District against a different defendant, Plaintiff threatened that if the defendant did not settle his claims, the defendant "will see [Plaintiff] again and again until this is resolved," that Plaintiff has "more claims, more documentation, and more patience than [the defendant's] attorneys planned for," and that Plaintiff would ensure that "discovery will not just consume [the defendant's] vendors—it will consume [the defendant] itself." *Wagoner v. FirstFleet Inc.*, No. CV-25-03701-PHX-MTL, 2026 WL 1678664, at *4 (D. Ariz. June 10, 2026) (awarding attorney's fees in favor of the defendant under the court's inherent authority).

- 4 -

that makes an award of attorney's fees improper. That "evidence" is far from new and includes pre-authorization letters issued by Defendant regarding the medical services Plaintiff provided a patient in 2018, and Defendant's subsequent denial of coverage regarding those services. The mere fact that Defendant, an insurer, denied a claim after issuing pre-authorization for services does not, on its own, evidence "bad faith." Claims can be denied for many reasons, and those reasons have not been assessed by this Court or any other court as being unlawful or unreasonable.

As to the second *Hummell* factor, Plaintiff argues that he "lacks resources" and has been under "tremendous financial strain" because Defendant has not paid him the medical claims at issue in this matter. The Court is not persuaded. First, Plaintiff provides no detail regarding his purported lack of resources. Second, Plaintiff clearly inflates the value of medical claims from $6,945 (the amount asserted in his original pleading (Doc. 1-1 at 3)) to $311,771.36 (the amount he started using sometime after this Court dismissed his claims (*see* Docs. 42-4, 42-5)), to give the impression of financial strain to evade a fee award. Third, Plaintiff's own declaration suggests that he has ongoing income through maintaining a chiropractic practice.

Upon reviewing the remaining *Hummell* factors, the Court finds that they, too, weigh in favor of granting a fee award as presented by Defendant and not meaningfully contested by Plaintiff. Defendant is, therefore, eligible and entitled to receive a fee award under § 502(g).

### b. Reasonableness

Next, the Court must determine whether attorneys' fees are reasonable under the lodestar method. *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). The lodestar approach consists of two steps. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). "First, the court establishes a lodestar by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate," excluding from the requested amount "any hours that are excessive, redundant, or otherwise unnecessary." *Id.* (internal citation omitted). Then, in rare cases, "the district

court may adjust the lodestar upward or downward using a multiplier based on facts not subsumed in the initial lodestar calculation." *Id.* (internal citation omitted). Local Rule 54.2(c) lists 13 factors the Court should consider when determining reasonableness, including time and labor, fees, and experience of counsel.

Defendant seeks $30,400 in fees already incurred and $954.06 in costs. (Doc. 28.) In its Motion, Defendant has duly provided the Court with counsel's detailed billing records, representation agreement, and other documentation supporting the request for fees and costs as required by Local Rule 54.2(d). (Doc. 28-1 at 13–36.)

Defendant's counsel charged a rate of $360 and $305 per hour. Such a rate does not exceed the market rate and is reasonable. *See* LRCiv 54.2(c)(3); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). But there are several billing entries that are unreasonable. The time spent on preparing Defendant's reply in support of its 12(c) motion that raised essentially the same arguments as the original motion (over 20 hours) is excessive, and several other entries contain more than one task without indicating how long those separate tasks took. Those entries will be reduced by 40%. Other entries either duplicate efforts or lack any description that allows the Court to determine if it was reasonable, such as elusive emails and calls with someone named "Steve Strang" who appears nowhere on this record before the Court. Those entries will not be compensated at all. The remaining fees that are reasonable amount to $25,625.30, and the Court separately finds that $954.06 in costs (Doc. 29) are reasonable.

Turning to the other factors outlined in Local Rule 54.2(c), Defendant states that there were no novel or difficult legal issues presented, Defendant's counsel was not significantly precluded from other work because of this representation, and Defendant's counsel's hourly rate is customary and sufficient given their experience in state and federal employment wage litigation. Therefore, there is no basis to adjust its attorneys' fees and costs award upward or downward. *See Kerr*, 526 F.2d at 70.

In sum, Defendant has demonstrated eligibility and entitlement to attorneys' fees and costs in this matter as well as the reasonableness of as to the entries approved by the

Court, and Defendant has complied with the Local Rule 54.2 in providing the required supporting documentation. Accordingly, the Court will award Defendant $26,786.16 in reasonable attorneys' fees and costs.

**IT IS ORDERED** denying Plaintiff's Motion for Leave to Amend Complaint (Doc. 42).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Sanctions Against Defendant and Counsel (Doc. 40).

**IT IS FURTHER ORDERED** directing the Clerk of Court to seal Docs. 42-1, 42-6, 42-7, 42-8, 42-12, 42-18, 42-25, 42-33, and 46-3 that contain personal identifying information and medical records of a non-party to this action.

**IT IS FURTHER ORDERED** granting Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Reply in Support of Motion for Attorney's Fees [Doc. 37] (Doc. 38).

**IT IS FURTHER ORDERED** granting Defendant's Motion for Attorneys' Fees (Doc. 28.)

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter Judgment in the principal amount of **$26,579.36** for Defendant as and for its attorneys' fees and costs, to be paid by Plaintiff plus interest accruing at the statutory rate. This case remains closed.

Dated this 3rd day of August, 2026.

Honorable John J. Tuchi
United States District Judge

- 7 -